UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRA HARRIS,

    Plaintiff,

    v.

CORRECTIONS CORPORATION OF
AMERICA, et al.,

    Defendants.

Civil Action No. 11-00088 (JDB)

## MEMORANDUM OPINION

Ira Harris ("plaintiff") brings this suit against CCA of Tennessee LLC, d/b/a Corrections Corporation of America ("CCA"), CCA employees Tia Prince, Margaret Duvall, and Dwayne Shoemaker ("defendant-employees"), and the District of Columbia challenging the termination of his employment with CCA. Plaintiff essentially asserts that CCA, a District of Columbia government contractor, wrongfully terminated him in retaliation for his statements that it was illegal for him, a corrections officer, to carry a firearm without a license. Plaintiff also alleges that defendant-employees conspired to falsely accuse him of sexual harassment. CCA, the defendant-employees, and the District of Columbia have each moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons detailed below, the Court will grant defendants' motions to dismiss.

## BACKGROUND

Before his termination, plaintiff worked for CCA as an Assistant Shift Supervisor at the District of Columbia's Correctional Treatment Facility. Compl. [Docket Entry 1] ¶ 6. The

District of Columbia contracts with CCA to manage and operate that facility. Id. ¶ 5. Plaintiff contends that while working for CCA, "he was not an at will employee." Id. ¶ 8. Approximately four months prior to his termination, plaintiff was suspended "due to an allegation made by a female inmate." Id. ¶ 10. Although plaintiff was eventually "exonerated of any wrongdoing," he was reassigned to "conduct security watch" during his suspension, and he alleges that he was "ordered to carry a loaded firearm." Id. According to plaintiff, he objected to carrying the firearm and "informed his supervisor[s] that he was not licensed to carry a firearm and further informed them that if he was required to carry the firearm it would be in violation of the hand gun laws of the District of Columbia." Id. Sometime following that objection, "[p]laintiff was alleged to have sexually harassed two employees of CCA." Id. ¶ 13. Shortly thereafter, CCA terminated his employment. Id. ¶ 14.

Based on these events, plaintiff alleges that (1) the District of Columbia and CCA violated his First Amendment rights by terminating him in retaliation for his statements that it was illegal for him, a corrections officer, to carry a firearm without a license; (2) CCA wrongfully terminated him for his refusal to violate a law; (3) CCA breached its employment contract with him; (4) the defendant-employees tortiously interfered with his employment contract; and (5) CCA violated the D.C. Whistleblower Protection Act, D.C. Code § 1-615.51 et seq., by terminating him for his statements regarding carrying a firearm. Plaintiff originally filed his complaint in the Superior Court of the District of Columbia. CCA, with the consent of the other defendants, removed the case to this Court based on the federal First Amendment question. CCA, the defendant-employees, and the District of Columbia have now each moved to dismiss

the claims against them for failure to state a claim.[1]

## STANDARD OF REVIEW

All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); accord Atherton v. District of Columbia Office of the Mayor, 567 F.3d 672, 681 (D.C. Cir. 2009). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. This amounts to a "two-pronged approach" under which a court first identifies the factual allegations entitled to an assumption of truth and then determines "whether they plausibly give rise to an entitlement to relief." Id. at 1950-51.

The notice pleading rules are not meant to impose a great burden on a plaintiff. Dura

---

[1] Plaintiff has expressed an "intent to file an amended complaint." Opp. to Def.-Employees' & CCA's Mots. to Dismiss [Docket Entry 9] at 3 (Apr. 18, 2011). Despite having more than ample time to do so, plaintiff has not filed an amended complaint.

Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002). When the sufficiency of a complaint is challenged by a motion to dismiss under Rule 12(b)(6), the plaintiff's factual allegations must be presumed true and should be liberally construed in his or her favor. Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979); see also Erickson, 551 U.S. at 94 (citing Twombly, 550 U.S. at 555-56). The plaintiff must be given every favorable inference that may be drawn from the allegations of fact. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor does the court accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949-50 (internal quotation marks omitted); see also Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 n.4 (D.C. Cir. 2008) (explaining that the court has "never accepted legal conclusions cast in the form of factual allegations").

## DISCUSSION

Plaintiff fails to state a claim under each of his five counts. Even where plaintiff alleges more than "legal conclusion[s] couched as . . . factual allegation[s]," Iqbal, 129 S. Ct. at 1950 (internal quotation marks omitted), his allegations, if true, would not entitle him to relief. The Court will discuss each of plaintiff's counts in turn.

## I. Count I: Violation of the First Amendment

Plaintiff claims "that CCA and [the] District of Columbia violated [his] First Amendment right" because he "was retaliated against and was terminated within four months after reporting that it was a violation of D.C. law for an unlicensed person to carry a firearm." Compl. ¶ 19. Plaintiff fails to state a claim because he fails to allege that the District of Columbia took any action with respect to his termination and fails to allege that he spoke in a capacity that entitled him to First Amendment protection.

With respect to the District of Columbia, plaintiff merely alleges that "CCA is a contractor of the District of Columbia." Id. ¶ 5. Plaintiff acknowledges that he was employed by CCA, not by the District of Columbia. Id. ¶¶ 8, 9, 14. Moreover, he does not allege that the District of Columbia took any action with respect to his termination. Thus, plaintiff fails to allege that the District of Columbia took any action that violated his First Amendment rights.

Regarding plaintiff's First Amendment claims, CCA argues both that "no state action was involved in the termination of [plaintiff's] employment" and that plaintiff's speech was not protected because he was "speaking not as a citizen but in his capacity as an employee and in furtherance of his duties as an employee." CCA's Mot. to Dismiss [Docket Entry 1] at 3-4. CCA is incorrect in its claim that "no state action was involved," id. at 3, inasmuch as this Court has previously concluded that CCA's operation of the Correctional Treatment Facility occurs under color of state law. Moonblatt v. District of Columbia, 572 F. Supp. 2d 15, 24 (D.D.C. 2008).[2]

---

[2] The Supreme Court has recognized that a private actor generally operates under color of state law where it exercises powers that are "traditionally the exclusive prerogative of the State." Jackson v. Metro. Edison Co., 419 U.S. 345, 353 (1974); see also Blum v. Yaretsky, 457 U.S. 991, 1005 (1982); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 157-61 (1978). In Moonblatt, this
(continued...)

But CCA is correct that plaintiff's speech was not protected because "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421 (2006).

In interpreting Garcetti, the D.C. Circuit has explained that "[w]hen employees make recommendations to supervisors on subjects directly related to their jobs, they are speaking as employees even if the supervisors discourage this speech." Thompson v. District of Columbia, 530 F.3d 914, 917 (D.C. Cir. 2008). And as the Fifth Circuit notes, "the caselaw is unanimous in holding that [an] employee's communications that relate to his own job function up the chain of command, at least within his own department or division, fall within his official duties and are not entitled to First Amendment protection." Davis v. McKinney, 518 F.3d 304, 313 n.3 (5th Cir. 2008). That defendant alleges he informed his supervisors regarding a potential illegal practice does not render his speech protected. See Wilbur v. Robinson, 480 F.3d 1140 (D.C. Cir. 2007) (holding that an employee complaining to the personnel office about discrimination in salary decisions was speaking pursuant to her employment responsibilities, which included exposing discriminatory practices in salary and hiring matters); McGee v. Public Water Supply, 471 F.3d 918 (8th Cir. 2006) (holding that an employee's speech regarding a project's non-compliance with environmental standards was part of his job responsibilities and thus not protected); Freitag v. Ayers, 468 F.3d 528 (9th Cir. 2006) (holding that a prison guard who

---

²(...continued)
Court reasoned that "CCA's role in operating the Correctional Treatment Facility is one that is traditionally associated with the exclusive prerogative of the state" because "only the state can take steps to incarcerate individuals or release them." 572 F. Supp. 2d at 24.

reported harassment she suffered at work was speaking as an employee when she reported the misconduct to her supervisors but as a citizen when she reported the misconduct to her state senator and inspector general). Because plaintiff alleges that he "was ordered to carry a loaded firearm" and that he "informed his supervisor that . . . it would be in violation" of the law to do so, Compl. ¶ 10, plaintiff was "mak[ing a] recommendation[] to [his] supervisor[] on [a] subject[] directly related to [his] job[]," Thompson, 530 F.3d at 917, and thus his speech is not entitled to First Amendment protection. Accordingly, plaintiff's first count fails to state a claim upon which relief can be granted.

## II. Count II: Wrongful Termination

Although plaintiff contends that he was wrongfully terminated by CCA "in violation of the public policies of the District of Columbia," Compl. ¶ 22, he ultimately concedes this issue as he fails to respond to CCA's arguments. The only public policy that defendant cites is that "employers are prohibited from terminating employees because they refuse to violate a law." Id. ¶ 23. CCA contends that plaintiff fails to cite any law that he refused to violate. Plaintiff concedes this claim because his response does not address CCA's argument in any way. See Cureton v. U.S. Marshal Serv., 322 F. Supp. 2d 23, 27 (D.D.C. 2004) ("When a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the case."). Moreover, although plaintiff states that he "was terminated within four months after reporting that it was a violation of D.C. law for an unlicensed person to carry a firearm," Compl. ¶ 19, in fact it would not be illegal for plaintiff, as a corrections officer, to carry a handgun without a license. D.C. Code § 22-4505(a) (providing that the general prohibition on carrying a pistol

without a license does "not apply to . . . prison or jail wardens, or their deputies.").

### III. Counts III & IV: Breach of Contract and Interference with Employment Contract

Counts III and IV both fail because plaintiff has not adequately alleged more than an at-will employment contract. In these counts, plaintiff claims that CCA breached its employment contract with him and that defendant-employees tortiously interfered with that employment contract. Plaintiff's only allegations regarding the terms of his employment contract are that he "was employed pursuant to an express and/or implied employment contract," that "he was not an at will employee" and "could not be terminated without due process and only for cause," and that he "was paid a starting salary of $45,000 per annum." Compl. ¶¶ 7, 8, 27. Allegations that he was not an at-will employee and that he had an express or implied contract are little more than "legal conclusion[s] couched as . . . factual allegation[s]," Iqbal, 129 S. Ct. at 1950 (internal quotation marks omitted). Moreover, the allegation that he was paid a salary does not serve to rebut the presumption that he was an at-will employee.

As plaintiff recognizes, "[t]here is a well-settled presumption in [the District of Columbia] that 'a hiring not accompanied by an expression of a specific term of duration creates an employment relationship terminable at will by either party at any time.'" Pl.'s Resp. in Opp. to Employee-Defs.' & CCA's Mots. to Dismiss 8 (citing Nickens v. Labor Agency of Metro. Washington, 600 A.2d 813, 816 (D.C. 1991)). Plaintiff fails to plead facts that rebut this presumption. Although he does allege that he was paid a salary, "in the absence of facts and circumstances which indicate that the agreement is for a specific term, an employment contract which provides for an annual rate of compensation, but makes no provision as to the duration of

employment, . . . is terminable at will by either party." Sullivan v. Heritage Found., 399 A.2d 856, 860 (D.C. 1979). "Because [plaintiff] has not plead facts that would show that both parties intended to alter the presumption of at-will employment, he has no remedy in contract law for his termination." Daisley v. Riggs Bank, N.A., 372 F. Supp. 2d 61, 70 (D.D.C. 2005). Hence, Counts III and IV do not survive.

### IV. Count V: Violation of the D.C. Whistleblower Protection Act

Plaintiff's final claim fails because the D.C. Whistleblower Protection Act only applies to "District employee[s]," D.C. Code § 1-615.52(a)(3), and plaintiff fails to allege that he is a District employee. Plaintiff merely alleges that "CCA was a government contractor subject to the D.C. Whistleblower Protection Act." Compl. ¶ 34. Nothing in the D.C. Whistleblower Protection Act suggests that it applies to government contractors, and by its language it applies only to employees of the District of Columbia. Moreover, it is worth noting that plaintiff does not allege that he made a "protected disclosure" or that he " refus[ed] to comply with an illegal order." D.C. Code § 1-615.53(a). Plaintiff only claims that he "was terminated after informing his supervisors that it was unlawful [for him] to carry a firearm." Compl. ¶ 38. Again, the general prohibition on carrying a pistol without a license in the District does "not apply to . . . prison or jail wardens, or their deputies." D.C. Code § 22-4505(a).[3] But in any event, as an employee of CCA, not of the District, plaintiff cannot proceed under the D.C. Whistleblower Protection Act.

---

[3] Plaintiff states in his opposition to the District of Columbia's motion to dismiss that "the complaint asserts that the claims associated in count V . . . are also charged to D.C." Pl.'s D.C. Opp. [Docket Entry 10] 2. The Court can find no such assertion in the complaint.

## **CONCLUSION**

For the reasons explained above, defendants' motions to dismiss will all be granted. A separate order will be issued.

/s/
JOHN D. BATES
United States District Judge

Dated: July 11, 2011